UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MATTHEW S.,[1]

                              Plaintiff,        Case # 19-cv-01366-FPG

v.                                                        DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## INTRODUCTION

On June 3, 2014, Plaintiff Matthew S. protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). Tr.[2] 99. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Melissa Lin Jones on January 5, 2017. Tr. 10. At the hearing, Plaintiff and vocational expert, John R. Finch, testified. Tr. 75-98. On February 23, 2017, the ALJ issued an unfavorable decision. Tr. 10-20. The Appeals Council denied Plaintiff's request for review on December 12, 2017, making the ALJ's decision the final decision of the SSA. Tr. 1-6.

On February 8, 2018, Plaintiff filed a timely appeal to this Court. The Court issued an order for remand on February 21, 2019, after the parties voluntarily agreed, due to the presence of records from a different claimant in Plaintiff's record. Tr. 930. On remand, the Appeals Council reviewed the ALJ's decision and adopted the findings regarding Plaintiff's disability. Tr. 926. The Appeals Council also determined that the evidence cited and relied on by the ALJ in rendering her decision was not the evidence that belonged to the other claimant. Tr. 927.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 10.

Plaintiff then appealed to this Court.[3]  ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  ECF Nos. 14, 21.  For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

## LEGAL STANDARD

### I. District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted).  The Commissioner's decision is "conclusive" if it is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation

---

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

### I.   The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 5, 2015, the alleged amended disability onset date. Tr. 12. At step two, the ALJ found that Plaintiff has the following severe impairments: cervical spine myalgia with radiculopathy. *Id.* The ALJ also found that Plaintiff has the following non-severe impairments: substance abuse disorder, schizophrenia, paranoid type and polysubstance dependence, and unspecified personality disorder. Tr. 13.

At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 15. The ALJ determined that Plaintiff maintains the RFC to perform light work as defined in 20 C.F.R. § 416.967(b). However, the ALJ found that Plaintiff has exertional limitations, including that Plaintiff should only occasionally climb ramps or stairs, never climb ladders or scaffolds,

occasionally balance, stoop, kneel, crouch, or crawl, and occasionally work in extreme cold or extreme heat or vibration.  *Id.*

In formulating the RFC, the ALJ applied partial weight to the opinion of Hongbiao Liu, M.D., consultative examiner, who opined that Plaintiff had mild to moderate limitations in walking, bending, and kneeling.  Tr. 17.  He also opined that plaintiff had mild to moderate limitations for any activities with visual acuity.  *Id.*  The ALJ applied only partial weight to the opinion because Dr. Liu's exam took place prior to Plaintiff's amended disability onset date, and the ALJ recognized that the evidence showed a worsening in symptoms after that time.  *Id.*  The ALJ applied "little weight" to Plaintiff's treating physician, Ross Sherban, M.D., who opined that Plaintiff was fully disabled.  Tr. 17-18.  In support of the little weight allocation, the ALJ determined that Dr. Sherban's medical records were inconsistent with the objective findings of record based on Dr. Sherban's notes that Plaintiff's symptoms "continued to get better," and Plaintiff's testimony that he was able to perform manual labor in the spring of 2016.  *Id.*

At steps four and five, the ALJ concluded that Plaintiff has no past relevant work, but that there were jobs that existed in the economy that Plaintiff could perform, including, for example, hand packager, garment folder, and small parts assembler.  Tr. 18-19.  As such, the ALJ found that Plaintiff was not disabled.

**II.   Analysis**

Plaintiff takes issue with the ALJ's decision on the basis that: (1) the ALJ failed to properly evaluate and account for Plaintiff's eye impairment; (2) the ALJ failed to provide good reasons for her rejection of Dr. Sherban's treating physician opinions; and (3) the Appeal Councils erred when it failed to acknowledge the timely response submitted by Plaintiff's counsel.  ECF No. 14-1 at 1.

Because this Court agrees that remand is required under Plaintiff's second argument, it does not address Plaintiff's other arguments.

An ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."[4]  20 C.F.R. §§ 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).  An ALJ may discount a treating physician's opinion if it does not meet this standard, but she must "comprehensively set forth [her] reasons" for doing so.  *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) (the SSA "will always give good reasons" for the weight afforded to a treating source's opinion).

When a treating physician's opinion is not given controlling weight, an ALJ considers the following factors to determine how much weight it should receive: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion.  20 C.F.R. § 404.1527(c)(1)-(6).

The ALJ failed to apply the above factors in assigning "little weight" to the opinion of Plaintiff's treating physician, Dr. Sherban.  Dr. Sherban began treating Plaintiff in 2015 and immediately opined that he was 100% disabled based on his diagnosis of cervical spine pain with radiculopathy to bilateral upper extremities.  *See* Tr. 492-95.  He opined that Plaintiff could only sit for fifteen minutes at a time before needing to change positions, could only stand for ten minutes

---

[4] These regulations were applicable at the time Plaintiff filed his claim.

5

before needing to change positions, and would only be able to sit or stand/walk for two hours in an eight hour day. Tr. 653. He did not believe that Plaintiff would be able to lift or carry anything other than less than ten pounds rarely and could never twist, stoop, crouch, climb stairs, or climb ladders. Tr. 654. According to Dr. Sherban, Plaintiff would be off task 25% or more during the workday and was fully disabled. Tr. 655.

Dr. Sherban's opinion that Plaintiff was 100% disabled was consistent throughout the available medical records. For example, on February 17, 2016, Dr. Sherban noted that Plaintiff suffered from chronic pain following an accident and that trigger point injections provided some relief. Tr. 486. He also indicated that Plaintiff would be a candidate for surgical intervention if treatment did not work and opined that Plaintiff was 100% disabled. Tr. 489-90. In June of that year, Plaintiff had surgery on his spine and following surgery, Dr. Sherban noted that Plaintiff was experiencing improvements. Tr. 466. Nevertheless, Dr. Sherban opined that Plaintiff remained 100% disabled. Tr. 470. Similarly, on September 23, 2016, Dr. Sherban noted that Plaintiff had been improving since surgery, but he still suffered from stiffness in his neck. Tr. 456. He had a decreased range of motion secondary to pain. Tr. 457. Given these and other impairments, Dr. Sherban indicated that Plaintiff was 100% disabled. *See* Tr. 459; *see also*, Tr. 464 (Plaintiff's impairments rendered him 100% disabled); 484 (same); 912 (same); 917 (same).

Nevertheless, the ALJ determined that these opinions were "inconsistent" with the objective findings of record, pointing to Dr. Sherban's own report that Plaintiff's symptoms were improving and injections were working well in reducing pain and increasing range of motion. Tr. 18. However, the ALJ failed to address that while those records recognized improvement in some areas of functioning, the same records also indicated a decline in others. Specifically, while Dr. Sherban noted radicular symptoms were improving following surgery, Plaintiff continued to

6

experience stiffness in his neck and shoulders. Tr. 908. Additionally, though Plaintiff noted the injections were working well, they had "worn off" by the time the appointment came. *Id.* More importantly, despite recognizing these minor improvements, Dr. Sherban continued to opine that Plaintiff was fully disabled at the time. Tr. 912.

The ALJ also found that Dr. Sherban's opinion was unsupported by the evidence due to Plaintiff's "physical ability to perform manual labor work in the spring of 2016," which the ALJ based on Plaintiff's testimony. Tr. 18. However, it was unclear precisely what job Plaintiff performed at that time. Initially, Plaintiff testified that he was "supervising people" at the local stadium while the workers set up for concerts in the spring of 2016. Tr. 87. He later testified that he was working with his landlord a few times a week, for maybe three or four hours a day, doing some vacuuming or cleaning. Tr. 91-92. Regardless, these sporadic activities are simply insufficient support for applying little weight to Dr. Sherban's opinions. *See Mahon v. Colvin*, No. 15-CV-02641 (PKC), 2017 WL 1232471, at *15 (E.D.N.Y. Mar. 31, 2017) (heavy reliance on plaintiff's reported activities was an insufficient basis for discounting the well-supported testimony of doctors regarding plaintiff's ability to work); *Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-cv-113, 2020 WL 3969879, at *10 (D. Vt. July 14, 2020) (remanding case where the ALJ relied on plaintiff's ability to drive and perform household chores, among other activities, as evidence in support of plaintiff's ability to work, as eligibility for disability is not contingent on the claimant being completely incapacitated from all activities).

In general, the reasons the ALJ provides for applying limited weight to Dr. Sherban's opinion are simply not "good reasons" for rejecting the opinion of Plaintiff's treating physician. *Cf., e.g., Halloran*, 362 F.3d at 32-33 (ALJ sufficiently evaluated the treating physician's opinions and explained the inconsistencies with the whole record including addressing the key findings of

plaintiff's treating physician); *O'Connor v. Comm'r of Soc. Sec.*, No. 19-CV-696-FPG, 2020 WL 3802792, at *2-3 (W.D.N.Y. July 7, 2020) (the ALJ provided sufficient good reason to reject the treating physician's opinion where the ALJ's decision contained clear discussion of the second and third factors to be considered when applying less than controlling weight to the treating physician and discussed the various treatment notes which supported the ALJ's findings). *See also, e.g.*, *Mojbel v. Comm'r of Soc. Sec.*, 385 F. Supp. 3d 199, 203 (W.D.N.Y. 2019) (rejection of treating physician's opinion for being inconsistent with the medical records without citing specific medical findings did not constitute good reason to reject a treating physician's opinion).

The Commissioner points to additional evidence in support of the ALJ's finding that Dr. Sherban's opinion was inconsistent with the other objective findings of record. This argument borders on *post hoc* rationalization. The evidence the Commissioner offers may have supported the conclusion that Dr. Sherban's opinion was entitled to less than controlling weight, however, when the Court is presented with reasons not considered by the ALJ in applying the treating physician rule, the Court is "not permitted to accept the Commissioner's post-hoc rationalizations for the ALJ's determination." *White v. Saul*, 414 F. Supp. 3d 377, 385 (W.D.N.Y. 2019).

The ALJ's failure to properly weigh Dr. Sherban's opinion was not harmless error. Contrary to the opinion of Dr. Sherban, the RFC permits Plaintiff to occasionally balance, stoop, kneel, crouch or crawl, climb ramps, or climb stairs. Tr. 15. The RFC also permits Plaintiff to perform "light work'" which requires lifting no more than 20 pounds at a time with frequent lifting or carrying of objects up to ten pounds, 20 C.F.R. § 416.967(b), despite Dr. Sherban's opinion that Plaintiff could never lift 20 or 10 pounds, and could only rarely lift less than ten pounds. Tr. 15, 654. Thus, for the reasons discussed, remand is required.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 14, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 21, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: December 29, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court